Annette SIRIO, Appellee

v.

Carl A. SIRIO, Appellant

Annette Sirio, Appellant

v.

Carl A. Sirio, Appellee.

Superior Court of Pennsylvania.

Argued April 30, 2008.
Filed June 24, 2008.

David S. Pollock, Pittsburgh, for Carl Sirio.

Margie Hammer, Pittsburgh, for Annette Sirio.

BEFORE: ORIE MELVIN, BENDER and ALLEN, JJ.

OPINION BY ALLEN, J.:

¶ 1 In these appeals, the parties challenge the trial court's award of child support and attorney fees. We affirm in part, reverse in part, and remand with instructions.

¶ 2 The facts and procedural history may be summarized as follows: Carl A. Sirio ("Father") and Annette Sirio ("Mother") were married on June 2, 1984, separated on January 31, 2000, and divorced by decree dated December 31, 2003. They are the parents of three teenage sons. By order of court dated October 26, 2006, the parties share legal custody of the children and share physical custody of them on a week on/week off basis.

¶ 3 Father is currently forty-nine years old and is an Associate Professor of Critical Care Medicine and employed as a physician by the University of Pittsburgh Medical Center. On September 4, 2005, Father married Mary Beth Navarra. They currently reside in the former marital residence.

¶ 4 Mother is currently forty-nine years old, has a Master's Degree in Education, and is currently employed as a librarian with the Pittsburgh Board of Education at the Montessori School. She lives alone in a home that is located in the same school district as the marital residence.

¶ 5 With regard to the unresolved issues of child support and alimony[1], Patricia G. Miller, Esquire ("the Hearing Officer"), originally entered a report and recommendation, dated January 6, 2003, and confirmed by order of court dated October 6, 2003, directing, *inter alia*, that Father pay child support in the amount of $3,087.00 per month, plus alimony in the amount of $2,669.00 per month until January 1, 2005. At that time, the alimony obligation would be reduced to $1,000.00 per month until it would terminate on January 1, 2006.

¶ 6 On April 28, 2004, pursuant to Father's petition, the Hearing Officer modified Father's child support obligation.

---

1. The economic claims between the parties were adjudicated in an order entered October 6, 2003.

Because Mother no longer lived in the marital residence, a mortgage deviation previously added to the support amount was removed. At that time, the Hearing Officer determined that an overpayment of child support occurred in the amount of $12,256.65. Thus, although his child support obligation remained the same, Father was ordered to pay only $2,587.00 per month until the overpayment was extinguished.

¶ 7 On January 21, 2005, Mother presented a petition for modification, alleging that there had been a substantial and material change in circumstances since the existing support order was entered, in that her needs and the needs of the children had increased significantly. Mother later withdrew this petition.

¶ 8 On June 6, 2006, Mother presented another modification petition. Within this petition, Mother asserted that she had been laid off and was currently unemployed, her alimony had terminated, and that Father had remarried and his wife earned a substantial income. Although Father filed a motion to dismiss Mother's petition, he later withdrew it. The matter was designated complex and hearings regarding child support were held before the Hearing Officer on October 10, 2006 and November 2, 2006. At these hearings, the parties presented their budgets and testified as to their needs as well as the reasonable needs of the children. Mother's counsel also testified in regard to Mother's counsel fees.

¶ 9 On November 16, 2006, the Hearing Officer filed her report and recommendation. The Hearing Officer determined Mother's net monthly income to be $2,288.00 and Father's net monthly income to be $18,250.00, for a combined net monthly income of $20,538.00. Because the parties' combined income exceeded $20,000.00, the Hearing Officer was re-

quired to perform a budgetary needs analysis pursuant to *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). Based upon the testimony of the parties and their exhibits presented during the hearings, the Hearing Officer found that Mother's personal expenses totaled $4,025.00 per month, and that her expenses for the children totaled $6,915.00 per month. The Hearing Officer found that Father's personal expenses totaled $4,067.00 per month, while his expenses for the children totaled $9,690.00 per month. Thus, the Hearing Officer determined that the reasonable needs of the children in both households totaled $16,605.00.

¶ 10 Because Mother's own reasonable needs exceeded her net monthly income, she had no income available for child support. The Hearing Officer determined that, after subtracting the total for Father's own reasonable needs, he had $14,183.00 available for child support. Thus, the Hearing Officer determined that Father was able to meet the children's reasonable needs in both homes and therefore recommended that he pay child support in the amount of $6,915.00 as of June 6, 2006. The Hearing Officer further recommended that Father pay $1,000.00 per month toward arrears, which totaled $18,940.88 as of November 16, 2006.

¶ 11 The Hearing Officer next addressed Mother's claims for counsel fees pursuant to 23 Pa.C.S.A. section 4351(a) and 42 Pa. C.S.A. section 2503. She concluded that an award of counsel fees to Mother pursuant to section 4351(a) of the Domestic Relations Code was inappropriate since Father did not deny paternity and has paid child support faithfully. The Hearing Officer did recommend an award of counsel fees in the amount of $3,790.00, under section 2503 of the Judicial Code. It was further recommended that Father pay the

above sum directly to Mother's counsel within thirty days.

¶ 12 Father filed exceptions and Mother filed cross-exceptions to the Hearing Officer's report and recommendation. By order dated May 14, 2007, the trial court denied Father's exceptions and granted Mother's cross-exceptions in part by specifically allocating the cost of the children's unreimbursed medical expenses between the parties. Father filed his appeal on June 7, 2007, and Mother filed a cross-appeal on June 25, 2007. The parties and the trial court have complied with Pa. R.A.P.1925.

¶ 13 Father raises the following issues:

A. Did the trial court commit an error of law by entering a confiscatory and anomalous child support award that relieved Mother of any financial responsibility for the children's reasonable needs, bore no relationship to the Guideline amount for child support or to the prior child support order, and effectively compelled Father's current wife to contribute more than Mother?

B. Did the trial court abuse its discretion by adopting the Hearing Officer's miscalculation of Father's budget, thereby leading the court to conclude that the children's needs were greater than reasonably necessary?

C. Did the trial court abuse its discretion in failing to find that Mother's budget for the children was excessive and unreasonable where it included (a) capital and nonrecurring expenses (including her legal fees); (b) projected, duplicative and aspirational expenditures; and (c)

household expenses that were not properly allocated among the members of Mother's household?

D. Did the trial court abuse its discretion by awarding counsel fees to Mother both (a) as an element of Mother's budget for the children in her household and (b) as an award of legal fees, where there was insufficient proof of the requisite elements for Mother's legal fee claim?

Father's Brief at 5 (emphasis deleted).

¶ 14 Mother raises the following issues in her cross-appeal:

E. Whether the Trial Court abused its discretion in failing to Order [sic] that the increase in child support should be retroactive to 2003.

F. Whether the Trial Court abused its discretion in failing to award counsel fees to Mother pursuant to 23 Pa.C.S.A. § 4351(a) under the circumstances.

G. Whether the Trial Court abused its discretion by failing to apply the law in the calculation of Father's income and expenses.

Mother's Brief at 2.[2]

■ ¶ 15 As this Court has recently summarized:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised

**2.** In issues A–D in her brief, Mother presents a counter-statement of the questions present-

ed by Father.

is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Bulgarelli v. Bulgarelli*, 934 A.2d 107, 111 (Pa.Super.2007) (citations omitted). With the above standards in mind, we first address Father's issues raised on appeal.

■ ¶ 16 In his initial claim, Father argues that

the trial court erred in unblinkingly allocating the budgetary expenses of both parties, while failing to make any determination of credibility, or investigating the reasonableness of the purported expenses alleged, and by failing to apply the presumptive Guideline minimum to a case that can be expected to weave in and out of the Guidelines for the foreseeable future . . .

Father's Brief at 11. According to Father, the trial court misapplied the *Melzer* formula by entering a confiscatory award that requires him and his wife to pay for all of his children's expenses in both households while relieving Mother of any financial child support responsibility. In short, Father argues that he is not being treated as similarly situated parents because, although the combined net monthly income in this case only slightly exceeds the *Melzer* $20,000.00 benchmark, it has caused an inequitable increase in his child support obligation. *See* Father's Brief at 14 (explaining that a 3.7% increase in his income resulted in child support increase of 125%). Father further asserts the trial court did not calculate a presumptive minimum under the support guidelines and that the $6,915.00 awarded in this case bears no relationship to the guideline presumptive amount for three children, $3,108.00. In

fact, according to his calculations, in which he includes a twenty percent adjustment because of the parties' shared physical custody arrangement, Father asserts that the presumptive minimum under the support guidelines should be $2,113.00 per month. Father is entitled to no relief on this claim.

¶ 17 In *Bulgarelli, supra*, this Court rejected similar assertions by the father in that case:

We respond to Father's first argument by agreeing with [his] assertion that the trial court should have initially performed the calculation to determine what the presumptive minimum amount of child support should be. *See* Pa. R.C.P.1910.16–2(e)(2). . . . Although neither the court's opinion nor the record in this case reveals that this presumptive minimum calculation was performed, we note that under the circumstances here, this omission is harmless error. Moreover, it is evident that the presumptive minimum is merely an indication that the support order should not fall lower than this amount, except under extraordinary circumstances. Although the presumptive minimum may be a starting point, it is the *Melzer* analysis that is to be used to calculate the child support due in a high income case.

Although we agree with Father's presumptive minimum calculation, . . . and the fact that the court failed to perform this calculation, we cannot agree that the court is required to then perform the calculation found in Part II of Pa. R.C.P.1910.16–4, which provides for the adjustment for shared physical custody in a guidelines case. Moreover, we have found no statutory provision, rule or any case law that directs the application of Part II in a *Melzer* case. Generally, the court in *Melzer* stated that "the amount of time a parent spends with his or her children has no bearing on that parent's

obligation of support." *Melzer*, 480 A.2d at 996. *Melzer* also recognized that each parent's total support obligation may be offset by support provided directly to the children. Thus, the time and resources each parent provides to the children are to a great extent already factored into the *Melzer* formula at the outset, when the reasonable expenses of raising the children are° compiled based on the needs, custom and financial status of the parties. *Id.* at 995.

*Bulgarelli*, 934 A.2d at 113.

■ ¶ 18 As in *Bulgarelli*, although the trial court did not calculate a presumptive minimum amount of support, that omission is harmless. Moreover, the fact that the parties now share physical custody of their children on a week on/week off basis does not, as Father asserts, require any adjustment to the presumptive minimum amount. In short, "Father has not convinced this Court that the trial court abused its discretion in its application of the *Melzer* formula to calculate the child support payment due to Mother under the circumstances in this case." *Id.* at 114. Although Father claims that Mother should be assigned some responsibility to support their children despite her inability to meet her own living expenses, we note that in high income cases it is not uncommon for the spouse that earns the smaller income to owe no support. *See e.g., Griffin v. Griffin*, 384 Pa.Super. 188, 558 A.2d 75, 82 (1989) (*en banc*) (explaining that when mother has no income available for support it is a foregone conclusion that her child support obligation will be zero, while father's share will be one hundred percent). Finally, to the extent Father argues that because his income fluctuates this case may again become a guideline case, he is free to file a modification petition should the situation arise. *See Bul-*

*garelli*, 934 A.2d at 115 (affirming child support award that was almost double the presumptive guideline minimum; if father "has a substantial decrease in income, he is free to seek modification").

¶ 19 Although we find no merit to Father's first claim, where the parties' combined net monthly income only slightly exceeds the *Melzer* benchmark, as in this case, we conclude a careful review of the parties' expenses for the reasonable needs of the children is warranted.

¶ 20 In his second claim on appeal, Father asserts that the Hearing Officer miscalculated his reasonable expenses for the children to be $9,690.00 because that amount included $3,313.00 he had been paying to Mother under the existing child support order. Father then implies that, because the Hearing Officer found Mother's expenses for the children to be "more than reasonable" only because they were substantially lower than his, Report and Recommendation, 11/16/06, at 3, once his double-counted child support payments are removed, the Hearing Officer's rationale no longer applies, *i.e.*, Mother's child expenses are unreasonable.

¶ 21 The trial court addressed this claim by Father as follows:

Father next asserts that the Court erred in consideration of [his] budget insofar as [his] child support expenses were, in effect, "double counted." Here, we do agree with Father that his child support expenses were, in effect, "double-counted" in the [Hearing Officer's] calculations. The amount of money Father paid in child support should not have been included in his budgeted expenses for the children. [It was Father who included the child support payments as part of the budget he submitted to the court]. The money paid by Father for support was used by Mother for the children's expenses while they were in

her care. Therefore, these expenses were accounted for in Mother's budget. Thus, Father's expenses [for the children] should have been calculated at $6,377.00 rather than $9,690.00.

However, when $6,377.00 is inserted into the *Melzer* formula, it still results in Father being responsible for $6,915.00 of Mother's expenses for the children. As the [Hearing Officer] determined, Father is still able to meet all of the children's needs in both homes. Therefore, the error was harmless and the issue is without merit.

Father also contends that his budget was miscalculated and extrapolated by the Hearing Officer, thereby leading the Hearing Officer to conclude that the children's needs in Mother's household were greater than reasonable [sic] necessary. In her Explanation, [the Hearing Officer] stated that Mother's claimed expenses for the children were more than reasonable since the parties have equally shared custody and Mother's claimed expenses were substantially less than Father's. However, even when we consider the fact that Father's budget was inflated, [the Hearing Officer's] statement regarding the comparison of the budgets and credibility of Mother remains valid. In fact, the downward adjustment in Father's expense budget for the children results in a closing of the gap between Mother's and Father's budgetary figures ($6,915.00 vs. $6,377.00), rendering both figures more believable considering that the children spend approximately 50% of the time with each parent.

Trial Court Opinion, 8/6/07, at 8–10 (footnotes omitted).

¶ 22 The trial court concluded that, once the existing child support payment was removed, the similar amount of each parent's monthly expenses for the children proved their reasonableness. According to the trial court, "based upon the budgetary comparison of the parties' child expenses a deduction of Father's child support payments from Father's expense budget for the children only strengthens the Hearing Officer's credibility determination." Trial Court Opinion, 8/6/07, at 10 (footnote omitted). The question becomes whether this approach is sufficient under the law. We conclude that it is not, a conclusion that we will address further in discussing Father's next issue.

¶ 23 In his third issue on appeal Father asserts that Mother's budget was excessive and unreasonable because it included capital and non-recurring expenses, including legal fees, and included projected, duplicative and aspirational expenditures. Father also asserts that Mother did not properly allocate the household expenses among the members of her household.[3]

¶ 24 The trial court correctly notes that credibility to be assigned the parties' testimony and supporting exhibits lies initially with the hearing officer and the trial court. *Thomson v. Thomson,* 359 Pa.Super. 540, 519 A.2d 483, 488 (1986). However, a comparison of the aggregate total of each parent's budget for their children is not a sufficient basis upon which to assess the accuracy and reasonableness of the items included within the budget. In essence, the Hearing Officer and the trial court adopted the budgets of both Mother and Father without determining whether the expenses enumerated therein were reasonable. This it cannot do. *Fitzgerald*

---

**3.** Although Father takes issue with other expenses listed by Mother in her budget for the children, we limit our review to only those expenses specifically enumerated or suggested by Father's statement of his issue. *See generally,* Pa.R.A.P. 2116(a).

*v. Kempf,* 805 A.2d 529, 533 (Pa.Super.2002). Rather, the fact finder must make a "thorough determination of the actual reasonable needs of the children." *Id.* Moreover, the trial court cannot delegate its judicial duty as ultimate finder of fact; although the trial court's scope of review is limited to evidence received by the hearing officer, "the trial court is obligated to conduct a complete and independent review of the evidence when ruling on exceptions." *Cunningham v. Cunningham,* 378 Pa.Super. 280, 548 A.2d 611, 613–14 (1988).

¶ 25 In the present case, the Hearing Officer explained her conclusion regarding the parties' monthly expenses for the children as follows:

> The [Hearing Officer] concludes that [Mother's] claimed expenses for the children are more than reasonable since the parties have equally shared custody and [Mother's] claimed expenses are substantially less than [Father's]. Each party asserts that the budget of the other is inflated. Mother particularly focuses on [Father's] greatly increased mortgage payment as a result of refinancing. However, when she resided in that property, her mortgage payment was even higher. Father focuses on [Mother's] debt to her family members. However, he considers his such [sic] debts to be a reasonable expense.

Report and Recommendation, 11/16/06, at 3–4. "[F]inding neither party more credible than the other in this regard," the hearing officer adopted the budgetary totals submitted by each parent. *Id.* at 4. In reviewing this determination in light of the parties' exceptions, the trial court stated, "A close examination of the record reveals sufficient evidence to support the Hearing Officer's credibility determinations." Trial Court Opinion, 8/6/07, at 7. Rejecting Father's claim that it merely adopted Mother's calculations rather than determining the reasonable needs of the children, the trial court further stated:

> [E]xamining [the Hearing Officer's] Recommendations and Explanation it is clear that she did not merely adopt Mother's or Father's calculations. Rather, after listening to and considering the extensive testimony and evidence, she concluded that both Mother and Father were credible and that the parties' expenses for the children were reasonable.

Trial Court Opinion, 8/6/07, at 8. As already noted, the trial court then stated that the removal of the child support amount from Father's budget "closed the gap" between each parent's budget and the fact that each parent spent a similar total amount to support their children each month strengthened the Hearing Officer's determination of reasonableness.

¶ 26 On appeal, Father argues that the Hearing Officer erred by including capital and non-recurring expenses within Mother's monthly budget. We agree.[4] Within her budget for the children, Mother claimed $1,123.00 a month in maintenance and repairs to her house. This averaged figure includes the costs of installing hard wood floors, a new roof, the addition of a

---

4. Father further claims that the hearing officer erred in relying upon Mother's exhibits, which revealed her actual expenses for the children for the prior year when she enjoyed primary physical custody of them. The fact that the parties changed to a shared custody arrangement shortly before the child support hearings began does not affect the *Melzer* analysis. *Bulgarelli, supra.* Nevertheless, because we remand this case for a re-calculation of Mother's monthly expenses for the children, Mother should submit a new monthly budget based upon her actual expenses for the children given the existing custody arrangement.

bedroom for one of the children, a new deck, and a kitchen door that cost almost $5,000.00. We agree with Father that these one-time, major capital improvements constitute more than "home maintenance and repairs" and cannot be included in the budget as a recurring monthly expense for the children. Rather, we agree with Father that these expenditures, as well as other home remodeling expenses, should be amortized over a longer period of time. Thus, upon remand the hearing officer must re-evaluate this category of Mother's budget to arrive at a sum that accurately reflects any recurring monthly expenses.

¶ 27 Father also takes issue with Mother's inclusion of projected, duplicative and aspirational expenditures within the children's budget. While we discern no abuse of discretion with the hearing officer's treatment of the projected loan repayments to Mother's family, the expenses Mother lists for future vacations ($313.00 per month) must be removed from the budget because they are speculative, and the camp fees ($319.00 per month) that were actually paid by Father, must also be removed. *See Rock v. Rock,* 385 Pa.Super. 126, 560 A.2d 199, 204 (1989) (explaining that "support orders are for the purpose of providing present needs"; "orders providing for the accumulation of funds for future needs are improper.") [5]

¶ 28 Father next claims that the hearing officer erred in adopting Mother's budgetary total when it included legal fees her current counsel was charging for bringing the support modification petition. At the hearing, testimony was presented that Mother owed current counsel approximately $50,000.00, including $23,000.00 in

fees for the child support hearings. Mother paid counsel a lump sum of $10,000.00, and agreed to pay her $1,000.00 per month thereafter. Mother then allocated the $1,000.00 amount evenly between her budget and the children's budget. The trial court reasoned:

> With respect to counsel fees as an element of Mother's budget for the children, we note that bringing an action for modification for support was in the children's best interest. Without an increase in support from Father, Mother would have been unable to sufficiently provide for the children while in her care. Moreover, Father is in a significantly better financial position to pay counsel fees for this action than is Mother. For these reasons, the inclusion of counsel fees in Mother's budget for the children was reasonable.

Trial Court Opinion, 6/8/07, at 14–15. The trial court further stated that once Mother's "counsel fee debt has been extinguished, Father may petition the court to reduce the support order by the requisite amount." *Id.* at 16.

¶ 29 While the above comments by the trial court may be true, they do not alter the fact that the legal fees incurred by Mother in her quest to increase the amount of the child support payments do not constitute an actual and reasonable recurring need of the children. By including the $500.00 legal fee as part of the children's monthly expense budget, Father would continue to be responsible for the amount even after Mother's current counsel had been fully paid for her services. As such an open-ended award of counsel fees has no relationship to the actual debt

---

5. Although Mother cites *Rock* to support her inclusion of future vacation and camp expenses in the children's budget, in *Rock* the mother was living with a friend only temporarily, and thus the court found that her need for housing was a present rather than a future expense.

owed by Mother, on remand, the $500.00 counsel fee must be removed from Mother's budget. *See Bulgarelli*, 934 A.2d at 109 (affirming child support order in which trial court, when reviewing children's reasonable needs, removed legal fees from mother's budget); *Fitzgerald*, 805 A.2d at 533 (remanding for reconsideration of children's needs when trial court required father to pay a portion of the voluntary charitable contributions and legal fees incurred by mother's household).

¶ 30 Although the trial court states that Father is free to file a modification petition once Mother's legal debt is extinguished, the fact remains that Mother's legal debt should not be included in the children's budget. By addressing Father's complaint on appeal in this matter, the trial court only encourages further litigation and expense for both parties. This is especially true when the trial court has the ability to enter a separate award of counsel fees. *See infra.*

¶ 31 In his last challenge to the hearing officer's treatment of Mother's budget, Father asserts that the hearing officer erred in accepting Mother's allocation of the household expenses between her and the children. We cannot agree. "A simple division of the needs of the family into equal parts does not satisfy a *Melzer* analysis." *Fitzgerald*, 805 A.2d at 533. Mother explained in her testimony, however, how she allocated each expense based upon the usage by the members of her household. The hearing officer accepted Mother's testimony regarding the allocation of expense as a matter of credibility. Because we cannot disturb this determination, *Thomson, supra*, Father's claim is without merit.

██ ¶ 32 In his final claim on appeal, Father asserts that the trial court erred by awarding legal fees to Mother, both as an element of her budget for the children,

and in a separate award as a sanction for Father's conduct during the child support proceedings. We have already determined that, upon remand, the legal fees will be removed from Mother's budget for the children. Thus, we address Father's claim regarding the award of $3,790.00 pursuant 42 Pa.C.S.A. section 2503.

¶ 33 Section 2503(7) of the Judicial Code provides that a participant in a legal proceeding may be awarded counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." In her Report and Recommendation, the hearing matter determined that an award of counsel fees to Mother was appropriate under this section because

> Father's conduct in filing a motion to dismiss [Mother's] petition for modification when his net income had increased by approximately $5,000 per month and when he was also receiving contributions of $4,214 per month to his household expenses from his current wife was obdurate, vexatious and in bad faith.... Given [Father's] vastly superior financial condition and Mother's discovery difficulties caused by [Father], the [Hearing Officer] recommends a counsel fee award of $3,790 pursuant to the Judicial Code.

Report and Recommendation, 11/16/06, at 5 (citations omitted). The trial court concluded that the hearing officer's determination was well-supported by the record.

██ ¶ 34 "Our ability to review the grant of attorney's fees is limited, and we will reverse only upon a showing of plain error." *Diament v. Diament*, 816 A.2d 256, 270 (Pa.Super.2003) (citation omitted). "Plain error is found where the decision is based on factual findings with no support in the evidentiary [sic] or legal factors other than those that are relevant to such

an award." *Id.* In support of his claim that counsel fees should not have been awarded under section 2503, Father asserts that he had a good-faith reason to oppose the modification petition because "none of the changes pleaded by Mother in her petition for modification warranted an increase in support." Father's Brief at 25. He also argues that "the findings of the Hearing Officer may have been clouded somewhat by a prejudice against [him] that manifested itself early on and throughout the proceedings." *Id.* at 28.

¶ 35 Our review of the hearing transcripts reveals contentious proceedings in which counsel for the respective parties bickered with each other and Father, at times, appeared hostile toward Mother's counsel. Unfortunately, the acrimony impacted the Hearing Officer, who at times made comments that were inapt. Considering the tenor of the support hearings in their entirety, however, we find no bias on the part of the Hearing Officer and cannot fault her for attempting to maintain control over the hearings. Moreover, while Father may have believed he had a good faith reason to oppose the modification petition, he provides no reason why he chose to later withdraw it. Finally, the trial court affirmed the hearing officer's award of counsel fees based on Father's opposition to the modification petition despite his increase in salary and income available for support. As a matter of credibility, the hearing officer also determined that Father made the discovery process difficult. Because we cannot conclude that either of these reasons constitutes "plain error," we affirm the award of counsel fees to Mother pursuant to 42 Pa.C.S.A. section 2503(7).

¶ 36 Having determined that a remand for a recalculation of the children's monthly reasonable needs when in Mother's care, we address Mother's cross-appeal.

¶ 37 In her first claim on appeal, Mother asserts that the trial court erred in adopting the hearing officer's conclusion that she should not be awarded the increased amount of support retroactive to 2003. As this Court has recently summarized:

> [P]arties to a support proceeding are duty bound to report material changes affecting support. *Simmons v. Simmons,* 723 A.2d 221 (Pa.Super.1998); 23 Pa.C.S.A. § 4353(a). A party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition. *Maddas v. Dehaas,* 2003 PA Super 23, 816 A.2d 234, 239 (Pa.Super.2003), appeal denied, 573 Pa. 710, 827 A.2d 1202 (2003); 23 Pa.C.S.A. § 4352(e). "An order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification." *Albert v. Albert,* 707 A.2d 234, 236 (Pa.Super.1998). Where a misrepresentation has occurred, however, the court may order a modification of arrearages retroactive to the date a party first misrepresented income if the other party promptly filed a modification petition upon discovery of the misrepresentation. *Id.* "There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable." [*Maue v. Gilbert,* 839 A.2d 430, 433 (Pa.Super.2003) ].

*Krebs v. Krebs,* 944 A.2d 768, 774–75 (Pa.Super.2008). In addition, "[a]n individual who is a party to a support proceeding shall notify the domestic relations section, the department and the other parties in writing or by personal appearance within seven days of any material change in circumstances relevant to the level of sup-

port[.]" 23 Pa.C.S.A. § 4353(a); *Krebs,* 944 A.2d at 774.

¶ 38 In *Krebs,* a child support hearing officer found that the father did not notify the mother or the domestic relations officer of his increased income from 2001 to 2005 as he was obligated to do. The hearing officer therefore recommended that, "[g]iven the dramatic increases of income [father] enjoyed from 2001 to 2005, and given the fact that he did nothing to report these increases, it would be patently unfair not to retroactively consider these increases as far as a child support obligation is concerned." *Krebs,* 944 A.2d at 775. Thus, the hearing officer recommended the award of an increased amount of support retroactive to 2001. The trial court in *Krebs* agreed that Father failed in his duty to report the increases in his income and that retroactivity was warranted. However, the court reasoned that, because the mother could have sought automatic review three years after the entry of the 2001 support order, *see generally,* 23 Pa. C.S.A. section 4352(a.1), and thereby discovered the father's income increases, it was reasonable to make the support obligation retroactive only to 2004.

¶ 39 In reversing the trial court's decision, this Court in *Krebs* concluded that the trial court "impermissibly placed a burden on [the mother] to seek automatic review of the May 21, 2001 order in 2004 on the chance that [the father's] changed circumstances might be revealed." *Krebs,* 944 A.2d at 776. We reasoned that, although the mother was entitled to automatic review of the existing support order every three years, she had no affirmative duty to request such review, while the father had the affirmative duty to report the material change in his circumstances. Thus, we found that the trial court "unreasonably shifted the burden to [the mother] to 'discover' [the father's] misrepresenta-

tion, and transformed a statutory entitlement into a duty to seek automatic review of the 2001 support order every three years or risk losing the additional support [the father] should have been obligated to pay." *Id.* This Court therefore affirmed the trial court's order imposing retroactive support arrearages, but reversed that part of the order limiting the retroactive date to May 21, 2004. We further directed the trial court on remand to impose the father's child support obligation retroactive to January 1, 2001, the date upon which he first failed to report his significantly increased income.

¶ 40 In the present case, the Hearing Officer declined to apply an earlier retroactive date to the support order at issue because: "(1) Mother was advised on the fourth day of trial on December 18, 2002 that she could file for modification; (2) [Mother] withdrew the modification petition she filed on January 21, 2005; and (3) Father's income has routinely varied substantially from one year to the next and Mother was aware of that fact." Report and Recommendation, 11/16/06, at 1 (citation omitted). The trial court stated that the Hearing Officer's conclusions were supported by its review of the record and reaffirmed that "Mother was aware of her right to petition the Court for modification due to Father's increased income but nevertheless, failed to promptly file the petition." Trial Court Opinion, 8/6/07, at 17.

¶ 41 Our review of the record supports the trial court's decision not to make the increased amount of child support retroactive to 2003. Unlike the facts in *Krebs, supra,* as early as 2002 Mother was aware that Father could be entering into a contract to continue his consulting work, thereby generating additional income, and she had, in fact, filed, yet later withdrew, a petition to modify the existing child support order. Thus, although Father did fail in his duty to report an increase in his

income, given the facts of this case, we conclude that the trial court properly refused to make the increased support award retroactive to 2003.

¶ 42 In her next claim, Mother asserts that the trial court abused its discretion by failing to consider and/or apply the factors established by the Supreme Court for awarding counsel fees under 23 Pa.C.S.A. section 4351(a). Section 4351 reads as follows:

§ 4351 Costs and fees

(a) General rule.—If an obligee prevails in a proceeding to establish paternity or to obtain a support order, the court may assess against the obligor filing fees, reasonable attorney fees and necessary travel and other reasonable costs and expenses incurred by the obligee and the obligee's witnesses. Attorney fees may be taxed as costs and shall be ordered to be paid directly to the attorney, who may enforce the order in the attorney's own name. Payment of support owed to the obligee shall have priority over fees, costs and expenses.

(b) Lack of good cause for failure to pay on time.—If the court determines that the person subject to a child support order did not have good cause for failing to make child support payments on time, it may further assess costs and reasonable attorney fees incurred by the party seeking to enforce the order.

23 Pa.C.S.A. § 4351.

¶ 43 The hearing officer in this case found section 4351 to be inapplicable because "pursuant to *Bowser v. Blom* (766 A.2d 1259 (Pa.Super.2001)) an award of counsel fees is not appropriate since [Father] did not deny paternity and has paid child support faithfully." Report and Recommendation, 11/16/06, at 5. The trial court adopted the Hearing Officer's refusal to award Mother counsel fees under section 4351:

When a child support obligee prevails, counsel fees are not automatic, but instead are contingent upon the discretion of the court. *Bowser v. Blom*, 569 Pa. 609, 618, 807 A.2d 830, 835 (2002). Nothing in [section 4351] compels a court to award counsel fees in a successful action to establish paternity or obtain child support. *Id.* It is the totality of the relevant circumstances which determines whether it is appropriate to award counsel fees. *Id.* at 619, 807 A.2d at 835.

Here, [the Hearing Officer] found that Father's behavior was not such as to permit [an] award of counsel fees in addition to those already granted under 42 Pa.C.S.A. § 2503(7). The Hearing Officer's findings are well-supported [sic] by the evidence in the record. [The only indiscretion by Father with regard to the child support proceedings appears to be his filing of the motion to dismiss. Father had never denied paternity and has paid child support faithfully.] Therefore refusal to grant additional attorney fees should not be disturbed.

Trial Court Opinion, 8/6/07, at 19–20.

¶ 44 In support of her claim on appeal, Mother argues that both the trial court and the Hearing Officer misread the above section to limit the award of counsel fees only in cases where paternity is denied or were a party has failed to pay support on time. According to Mother, "[t]he statute also specifically provides that counsel fees may be awarded, where as here, an obligee prevails in a proceeding to obtain a support order." Mother's Brief at 56. Mother then refers to the relevant factors to be considered as enumerated by our Supreme Court in *Bowser, supra.*

¶ 45 Our reading of the trial court's and hearing officer's conclusion concerning Mother's claim for attorney fees under section 4531 indicates their belief that at-

torney fees may be awarded under this section only when paternity has been challenged or where the obligor does not pay his or her support obligation in a timely manner. In *Krebs, supra,* the mother prevailed in her petition to modify an existing support award and, *inter alia,* requested attorney fees pursuant to section 4351. This court remanded the request to the trial court because it was "an issue more appropriately referred to that court in the first instance." *Krebs,* 944 A.2d at 778. Although the Hearing Officer has already considered Mother's claim in this case, she may have believed that such an award was inappropriate given the procedural posture, *i.e.,* the entry of a support order following the filing of a successful modification petition. A remand for reconsideration of Mother's claim for attorney fees pursuant to section 4351 in light of the *Bowser* factors is particularly appropriate in this case since we have already determined that the attorney fees Mother currently owes her counsel should not be included as a monthly expense for the children while they are in her care.

¶ 46 In her final issue in her cross-appeal, Mother claims that the Hearing Officer and the trial court misapplied the law when it calculated Father's income and expenses. Specifically, with regard to Father's income, Mother challenges the failure to include rental income from a townhouse Father owns, as well as the retirement contributions made by his employer. With regard to Father's expenses, Mother asserts that the expenses involved with the rental property should not be used to calculate Father's "living expenses," and the court further erred "by including expenses for increased mortgages and a new car that were incurred [by Father] immediately prior to the hearing in an obvious attempt to increase his expenses to reduce his support obligation." Mother's Brief at 59. We cannot agree.

¶ 47 Initially, as a matter of credibility, both the Hearing Officer and the trial court determined that Father did not refinance his mortgages and buy a new car in order to reduce his support obligation. We cannot disturb this determination. *Thomson, supra.* Moreover, our review of the record supports the finding that the rental income from the townhouse was offset by the expenses associated with that property and that Mother did not prove Father had access to the retirement contributions made by Father's employer. Finally, as stated by the trial court, even if Father's income was adjusted upward or his expenses adjusted downward in light of Mother's claims, "application of the *Melzer* [calculation] still results in Father being responsible for all of the reasonable needs of the children." Trial Court Opinion, 8/6/07, at 18. Thus, Mother's claim entitles her to no relief.[6]

¶ 48 In sum, we affirm in part and reverse in part, and remand the case for a reconsideration of the children's monthly reasonable expenses when in Mother's care, in accordance with *Bulgarelli, supra,* and reconsideration of Mother's claim for counsel fees pursuant to 23 Pa.C.S.A. § 4351, in a manner consistent with this memorandum.

¶ 49 Order affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

¶ 50 Judge ORIE MELVIN Concurs in the Result.

---

6. In fact, Mother concedes that the alleged errors she raises are harmless if *Melzer* is properly applied. According to Mother, "[t]he issue is only raised for error preservation should there be a remand for any reason." Mother's Brief at 13.