J-A05021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA SCHADER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RANDOLPH SCHADER, | |
| Appellee | No. 1645 EDA 2014 |

Appeal from the Order entered April 30, 2014,
in the Court of Common Pleas of Delaware County,
Domestic Relations, at No(s): 2011-01137

BEFORE: GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.: **FILED MARCH 09, 2015**

Barbara Schader ("Wife") appeals from the trial court's final order of support entered against Randolph Schader ("Husband"). We affirm.

The trial court summarized the pertinent facts as follows:

> The parties were married on October 12, 1985, and have four (4) emancipated children. [Wife] filed a Complaint in Divorce and a Complaint in Custody on June 24, 1994; thereafter the parties reconciled. On August 17, 2007, the parties formally separated. [Wife] completed the ninth grade (9th) and thereafter received her General Education (GED) High School Equivalency Degree and during the marriage, [Wife] was the primary caregiver to the parties' four children.

> [Husband] is a High School graduate, who completed college at St. Louis Washington University before going to Dental School at Temple University. [Husband] was licensed as a dentist during the marriage. During the marriage, [Husband] bought property located at 248 South 21st Street, Rittenhouse Square, Philadelphia in 1993, with a loan from his father and as such the property was originally titled solely in [Husband's] name and the parties

renovated the building to accommodate [Husband's] dentistry practice. [Husband] sold his general dentistry practice located at 248 South 21st Street, Rittenhouse Square, Philadelphia in 2005 and retained the building, which he continues to rent out. [Husband] receives rent from the dental office in the amount of $3,700 a month, the second floor apartment in the amount of $2,090 a month and the third floor apartment in the amount of $1,600 a month.

After the separation of the parties, [Wife] was in a severe auto accident on May 9, 2008, wherein she sustained numerous serious and disabling injuries which resulted in her having several operations. [Wife] requires significant medical care to this day. There was a stipulation between the parties that [Wife] has no earning capacity.

It is important for the calculations of Support in this matter to note that this Court's Final Order of Equitable Distribution was entered on May 30, 2013 and thereafter this Court issued an Order Granting in Part and Denying in Part [the parties'] Motions for Reconsideration entered June 19, 2013. This Court also notes that [a] divorce decree was issued on August 26, 2013 by The Honorable Nathaniel C. Nichols and as such the parties were formally divorced on that date.

[Husband] filed a Petition to Modify APL/Support on July 13, 2013. Thereafter, a Master issued an Order on September 4, 2013, effective July 22, 2013, for APL/Support in the amount of $3,759.60 plus 35% of the mortgage, for an additional $1017.45, with a total APL/Support obligation of $4,777.05 per month plus $477.57 toward arrears, thus a total monthly obligation of $5,254.75. This Court noted that as of April 7, 2014, the support arrears are $21,068.62[.] [Wife] thereafter filed a timely appeal from the Master's Order.

This Court also notes that [Husband], as required by the Court's Final Equitable Distribution Order of May 30, 2013, is to pay [Wife's] existing medical, dental and prescription insurance coverage and/or make full payments of the COBRA for [Wife's] medical insurance for the full term of the COBRA that is available to [Wife].

- 2 -

Trial Court Opinion, 8/6/14, at 3-5 (citation and footnotes omitted).[1]

The trial court held a *de novo* hearing on April 10, 2014. After considering all of the testimony and the parties' exhibits, the trial court recalculated the applicable support guidelines and issued its final support order on April 30, 2014. Wife filed an original and amended motion for reconsideration. On May 22, the trial court denied Wife's reconsideration motion. This timely appeal followed. Both Wife and the trial court have complied with Pa.R.A.P. 1925.

Wife raises the following issues:

> A. Did the [trial court] incorrectly rely on [Husband's] evidence and testimony related to his income, including [Husband's] employment and inheritance, as [Husband] was ordered to produce the documents regarding the Schader Estates by Order dated March 1, 2013 and as there were no 2013 personal income tax returns, nor any estate tax returns or documents provided to the [trial court]?
>
> B. Did the [trial court] fail to consider the aforesaid tax returns and estate account documents which the [trial court] ordered [Husband] to produce by Order dated March 1, 2013 when the [trial court] calculated [Husband's] spousal support obligations from October 1, 2013 to the present?
>
> C. Did the [trial court] fail to consider that [Husband has] a significant inheritance and access to trust accounts and

_____

[1] Wife filed a timely appeal to this Court from the trial court's final equitable distribution order. That appeal does not impact our decision in the present appeal. **See Schader v. Schader**, No. 2492 EDA 2013.

the income generated by them and such should have been considered income for support purposes?

Wife's Brief at 3.

Our standard of review is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Sirio v. Sirio*, 951 A.2d 1188, 1192-93 (Pa. Super. 2008) (citation omitted).

Because Wife's first two issues involve Husband's alleged failure to comply with a discovery order, we address them together. Our review of the record supports Husband's assertion that the trial court did not enter a discovery order in this support action. Husband's Brief at 8. Rather, as asserted by Husband, the discovery order was issued approximately one year earlier at the parties' equitable distribution docket. *Id.* Thus, we need not consider Wife's first two issues further. *See* Trial Court Opinion, 8/6/14, *infra*.

In her remaining issue, Wife asserts that the trial court abused its discretion when determining Husband's income available for support because it failed to consider the fact that Husband received a significant inheritance, and had access to trust accounts and the income generated from them.

Pennsylvania's Domestic Relations Code defines "income" as follows:

> "**Income.**" Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings, income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of the source.

42 Pa.C.S.A. § 4302.

Our Supreme Court has held that, "although the corpus of an inheritance is not included in a payor's income available for support, it may be considered when adjusting a support obligation pursuant to Pa.R.C.P. 1910.16-5." *Humphreys v. DeRoss*, 790 A.2d 291, 288 (Pa. 2002); *see also Maher v. Maher*, 835 A.2d 1281, 1286-87 (Pa. 2003) (holding inheritance received by support payee is not income available for support).

Wife acknowledges that the corpus of Husband's inheritance and trust is not income for purposes of support. *See* Wife's Brief at 15-17. Nevertheless, she contends "[g]iven the trial court's finding as to [Husband's] ability to access money from the trust funds, the trial court

should have considered these amounts in establishing the appropriate support obligation of [Husband]." Wife's Brief at 19. Our review of the record does not support Wife's contention.

The trial court rejected Wife's claim regarding its calculation of Husband's income, and offered its detailed reasoning as follows:

> This Court did not incorrectly rely on the evidence and testimony presented by the parties during the Hearing held on April 10, 2014. This Court notes that the Hearing on this Support matter was first scheduled in January of 2014 and then in March of 2014 and those Hearings were continued at the request of [Wife's] counsel. This Court notes that the Hearings **were not** continued due to a request for continued discovery or failure to comply with discovery requests. This Court notes that at no time prior to **or** during the Hearing did [Wife] argue that [Husband's] 2013 tax returns were necessary such that a continuance of the Hearing should be granted. This Court notes that [Wife] never requested a continuance of the April 10, 2014 Hearing nor asserted during the Hearing that the 2013 tax returns of [Husband] were vital to the case during the Hearing. Even if [Wife] had requested a continuance for [Husband's] 2013 tax returns, this Court would not have granted such a request, as this Court was able to determine [Husband's] current income (or income at the time of the April 10, 2014 Hearing) based upon the credible testimony and overwhelming and extensive evidence presented during the April 10, 2014 Hearing.

> This Court had previously, in the Final Equitable Distribution Order, determined that [Husband's] two employment positions in 2012 provided him with a [yearly] gross income of approximately $194,200; in paragraph 16 on page 25 said Order found [Husband] had a minimum [yearly] earning capacity of $160,000. At that time, the Court had been provided with [Husband's] 2012 tax return, as this Court was provided with the tax return for 2012 at the April 10, 2014 Hearing.

This Court notes that at the time of the April 10, 2014 Hearing, [Husband] provided credible testimony that he did not have a 2013 tax return prepared to submit to [Wife] as the tax deadline of April 15, 2014 had not passed. [Husband] provided credible testimony of his employment status and his earnings from October of 2013 until the date of the Support Hearing. [Husband] also presented as evidence his 1099 Form. Additionally, the Office Manager at Newtown [Orthodontics], Lisandra Maisonet, presented credible evidence of [Husband's] employment with Newtown as well as his earnings with Newtown.

This Court notes that based upon the credible testimony and evidence of [Husband], which was accepted by this Court, [Husband] currently earns approximately $23,600 a month in gross earnings. This gross monthly figure is based upon his 33% percent [sic] of his production (less lab fee) which [Husband] is paid by Newtown in addition to the $2,600 a month [Husband] is paid by Liberty Dental. Therefore, this Court was able to determine that from April of 2014 until at least December 31, 2014, [Husband's gross income has increased to an average of $283,000 yearly, which is almost double the earning capacity this Court set in the Final Equitable Distribution Order and almost $89,000 over what [Husband's] 2012 tax return showed he earned.

***

Initially, this Court notes that there was insufficient evidence presented at the [Hearing] regarding [Husband's] distributions from the trust and inheritance he received from his father and his mother's estates. [Husband] candidly admitted that he was able to take yearly distributions, which is only distributions of the interest generated, which would generally be received on December 31, 2013. [Husband] credibly testified that he has not invaded the [principal] of the trust account and has only received distributions from the interest generated.

***

This Court did consider [Husband's] distribution from his inheritance and trust when calculating [Husband's]

- 7 -

earning capacity, for the time period when [Husband] was solely employed with Liberty Dental and was receiving unemployment as his position with Einstein [Medical Center] had been terminated, from July 12, [2012] until September 30, 2013.

When issuing the Final Support Order, this Court did consider the inheritance received by [Husband] in calculating [Wife's] spousal support; however, this Court determined that the inheritance should not be calculated as part of [Husband's] monthly income. This Court notes that [Husband's] credible testimony was that he was able to receive a distribution from his inheritance and trust; however, there was not testimony that this is [Husband's] consistent practice or that he receives a consistent amount. This Court notes that [Husband's] testimony was that he received a distribution in a lump sum on or about December 31, 2013, there is no guarantee of the amount of distribution or the date of distribution.

Additionally, this Court determined that even with [Wife] at a zero earning capacity and with [Husband] now making almost double what the Court had previously ascribed as his earning capacity, there was no reason to depart from the [support] guidelines and include the one time distribution of interest as part of [Husband's] income. This Court notes that the parties' children are emancipated, [Husband] continues to pay the mortgage on the marital residence, over and above the spousal support award, for the residence in which [Wife] currently resides, [Husband] continues to pay the COBRA payments for [Wife's] medical benefits and [Wife] receives alimony from [Husband]. Based upon the spousal support award of nearly $6,400 a month, plus all the other "benefits" listed above, this Court determined that there was no reason to deviate from the guidelines and to consider [Husband's] inheritance as part of his income in determining the spousal support award.

Trial Court Opinion, 8/6/14, at 16-22.

The above explanation refutes Wife's claim that the trial court failed to consider Husband's inheritance and access to his trust accounts. We cannot

disturb the trial court's credibility determinations regarding Husband's testimony. *See Doherty v. Doherty,* 859 A.2d 811, 812 (Pa. Super. 2004) (explaining that matters of credibility are solely within the province of the trial court as fact finder). Moreover, our review of the record supports the reasons given by the trial court for refusing to deviate from the applicable support guidelines based upon Husband's inheritance and trust income.

In sum, because Wife's claims are without merit, we affirm the trial court's final order of support.

Order affirmed.

Judge Gantman joins memorandum.

Judge Shogan files a concur in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015

- 9 -