J-S20031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LAURA L. NELSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY S. NELSON | |
| Appellant | No. 1407 WDA 2014 |

Appeal from the Order Entered on July 29, 2014
In the Court of Common Pleas of Venango County
Domestic Relations at No.: DR No. 565-2007
PACES No. 621109642

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED MAY 20, 2015**

Harvey S. Nelson ("Father") appeals from a July 29, 2014 child support order, which ordered Father to pay $296.52 per month in support for his child to Laura L. Nelson ("Mother").  Finding that Father has waived his claim, we affirm.

Mother and Father married in August 2000, and separated in November 2007.  One child was born during the marriage.  On November 28, 2007, Mother filed a complaint for support.  On March 5, 2008, after a hearing and disposition of exceptions, the trial court entered a final support order requiring Father to pay support in the amount of $493.20 per month.

On December 19, 2013, Father filed a petition to modify support because the parties began sharing custody of the child.  On January 8, 2014, a conference officer modified Father's monthly child support obligation to

$125.25. In response to this modification, Mother requested a hearing. After the hearing, the hearing officer ordered Father to pay $296.52 per month for child support. On May 6, 2014, Father filed exceptions to the report and recommendations. On July 29, 2014, the trial court dismissed the exceptions.

On August 15, 2014, Father filed a notice of appeal. Pursuant to Pa.R.A.P. 1925(b), on August 27, 2014, the trial court directed Father to file a concise statement of errors complained on appeal, which Father timely filed on September 5, 2014. On October 21, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Father raises one issue for our review:

> [Whether the trial] court erred as a matter of law and abused its discretion by not including [Mother's] quarterly bonuses as part of [Mother's] gross income and thus improperly calculat[ed] the child support award.

Father's Brief at 4.

Our standard of review is well-settled:

> In our appellate review of child support matters, we use an abuse of discretion standard. A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P. 1910.1 *et seq.*, or abused its discretion in applying these Rules. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. This is a limited role and, absent a clear abuse of discretion, the appellate court will defer to the order of the trial court. A finding of abuse

- 2 -

is not lightly made but only upon a showing of clear and convincing evidence.

***Christianson v. Ely***, 838 A.2d 630, 634 (Pa. 2003).

Father contends that the hearing officer miscalculated Mother's income when he failed to include bonuses that Mother received in 2013. Father's Brief at 7-8. However, before reaching the merits of Father's argument, we must first address the basis upon which the trial court dismissed Father's exceptions. The trial court noted that Father had failed to order the transcript of the proceeding before the hearing officer. Order, 7/29/2014, at 2. Therefore, the trial court was unable to determine whether the hearing officer relied upon record evidence to reach his income determination. Trial Court Opinion, 10/21/2014, at 1-2.

Father argues that the transcript was not necessary because the hearing officer's recommendation stated that it used the 2013 earnings and "[t]he record would only have reaffirmed what the gross wages in 2013 were for both parties." Father's Brief at 9. Mother responds that there was testimony relevant to Mother's 2013 bonuses and whether the bonuses would continue into 2014. Therefore, Mother asserts that the transcript was necessary to understand the evidentiary support for the hearing officer's calculations. Mother's Brief at 4-5. We agree with Mother; both the trial court and this Court need to review the transcript fully to carry out our judicial functions.

In reviewing a hearing officer's decision on child support, "the trial court's scope of review is limited to evidence received by the hearing officer, [and] the trial court is obligated to conduct a complete and independent review of the evidence when ruling on exceptions." *Sirio v. Sirio*, 951 A.2d 1188, 1196 (Pa. Super. 2008). Here, without a transcript, the trial court could not determine the scope of the evidence received by the hearing officer or conduct an independent review of the evidence. Therefore, the trial court did not err in dismissing Father's exceptions.[1]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015

_____

[1] Likewise, this Court would have required the transcript to review Father's claims and without the transcript, we would have had to find Father's issues waived. *See Commonwealth v. Houck*, 102 A.3d 443, 456 (Pa. Super. 2014) ("When the appellant . . . fails to conform to the requirements of [the rules requiring transcripts to be ordered], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." (citation omitted, ellipsis in original)).