J-A14001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHELE D. HAYES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GARY M. HAYES | |
| Appellee | No. 1705 MDA 2015 |

Appeal from the Order Entered September 2, 2015
In the Court of Common Pleas of York County
Domestic Relations at No(s): 857 SA 2001
DRO# 73735
PACSES #31310334

| | |
|---|---|
| MICHELE D. HAYES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY M. HAYES | |
| Appellant | No. 1772 MDA 2015 |

Appeal from the Order Entered September 2, 2015
In the Court of Common Pleas of York County
Domestic Relations at No(s): 857 SA 2001

BEFORE: BOWES, OTT AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 12, 2017**

Michele D. Hayes ("Mother") appeals and Gary M. Hayes ("Father") cross appeals from the order entered September 2, 2015, modifying Father's child support obligation. We reverse and remand.

* Retired Senior Judge assigned to the Superior Court.

The facts relevant to our review are as follows. In February 2015, Father was paying child support of $3,041.41 per month to Mother for the care of their adult daughter.[1] On February 11, 2015 Mother filed a petition for amendment of support order seeking an increase in support. The court held a conference on April 17, 2015, and entered an order on May 4, 2015. The court found Mother had neither earnings nor an earning capacity. The court determined that Father's net income for 2014, which was generated largely from his interest in two corporate entities, was $25,854 per month, resulting in a child support payment of $2,523.14, plus $252 due per month on arrears. Mother and Father filed timely petitions for reconsideration which were both denied. Thereafter, Mother filed a notice of appeal and Father filed a cross appeal. The parties complied with Pa.R.A.P. 1925, and the court filed its Rule 1925(a) opinion. This matter is now ready for our review.

We address Mother's contentions first. She presents the following issues for our consideration:

1. Did the trial court abuse its discretion by including all of Father's 2014 tax payments in its calculation of Father's net income?

2. Did the trial court abuse its discretion in failing to make the effective date of the order retroactive to January 1, 2013, by finding that "the evidence is insufficient to determine if

---

[1] Mother and Father's daughter was declared to be an incapacitated person by order of June 16, 2006.

(Father's) income is dramatically different from the last order that was entered on December 9, 2008"?

Mother's brief at 2.

We review a child support order for an abuse of discretion. ***E.R.L. v. C.K.L.***, 126 A.3d 1004, 1007 (Pa.Super. 2015). "[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." ***Id***. (citation omitted). Moreover, "An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." ***Id***. We may reverse a trial court's child support determination only where the order cannot be sustained on any valid ground. ***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa.Super. 2015).

Mother first assails the court's determination of Father's net income. She asserts the court erred in including all of Father's 2014 tax payments in its calculation.[2] Specifically, she claims that the court should not have deducted $373,741 in payments Father made toward his 2013 Federal income taxes on January 15, 2014 in calculating his net income. Mother continues that the payment should have been deducted from Father's 2013

---

[2] A party's monthly gross income is ordinarily based upon, at least, a six-month average of all of the party's income. Pa.R.C.P. 1910.16-2(a).

income. As a result of this error, Mother argues, Father's available income for child support in 2014 was greater than the amount decided by the court.

The court observed that the dispute over its calculation of Father's income concerned only the income produced by Father's ownership in Diversified Traffic Products, and tax payments made therefrom. The court credited the testimony of Father's expert, Gregory Crumling, certified public accountant, which reflected a cash-flow methodology for evaluating Father's net income. Pursuant to the guidelines established in Pa.R.C.P. 1910.16-2(c),[3] the court subtracted federal taxes of $1,026,481 paid from Diversified Traffic Products' gross earnings during 2014. This deduction included a $373,741 payment Father made during 2014 towards his 2013 federal income taxes. Under a cash-flow analysis, that distribution would not otherwise be available for Father's 2014 support obligation regardless of when those taxes were owed.

_____

[3] Section 1910.16-2(c) of the Pennsylvania Rules of Civil Procedures reads, in pertinent part:

(c) Monthly Net Income.

    (1)     Unless otherwise provided in these rules, the court shall deduct only the following items from monthly gross income to arrive at net income:

        (A)  federal, state, and local income taxes;

Mother avers the court's cash-flow analysis contravenes binding Superior Court precedent. In **Spahr v. Spahr**, 869 A.2d 548 (Pa.Super. 2005), we considered whether a 2003 corporate distribution made to the husband therein solely for the purpose of paying his 2002 federal tax was properly counted towards his 2003 income. The husband argued that the distribution was made in accordance with tax law and his established business practice, and rejected the suggestion that the tax payments were made to lower his 2003 support obligation. **Id**. at 552. We found the court did not err in including the appellant's 2003 corporate distribution in his 2003 net income.

The **Spahr** Court observed that the husband had manipulated his cash-flow in order to reduce his 2003 income. First, he paid all his 2003 taxes in 2003, without deferring his payment for the fourth quarter of 2003 until April of 2004, as had been his customary practice. **Id**. at 553. By paying his 2003 taxes before his actual tax liability was ascertained, the husband overpaid, thus lowering his 2003 net income, and did not receive a refund for that overpayment until 2004. Second, the husband also attributed his 2002 fourth quarter payment to 2003 since it was paid in April of 2003. Hence, he had reduced his 2003 income by manipulating his tax payments. We noted, "it may be important to trace cash flow in this way for various business purposes, but determination of income for support is not one of them." **Id**. We added that "Pennsylvania case [law] does not accept

- 5 -

the cash flow argument . . . We could not permit an individual to overpay his taxes all year, and then exclude the amount of his overpayment from calculation of that individual's income." *Id*. Thus, we concluded,

> [A]ll taxes connected to one year of income are calculated for that year, no matter when paid. To do otherwise would allow serious manipulation of yearly income. The court does not find that [husband] has attempted such a manipulation, but the effect of his case flow analysis produces the same result. **For support purposes, tax liability must be attributable to the year the income is earned and tax liability is accrued, no matter when the tax payment is made**.

*Id*. (emphasis added). In addition, we found that corporate distributions made to relieve a party of his tax liability are income for the purposes of support. *Id.*

Our holding in *Spahr*, *supra*, is controlling. Instantly, Father used a 2014 corporate distribution from his company to satisfy a $373,741 tax obligation from 2013. While the trial court deducted the $373,741 from its assessment of Father's net income for 2014, thereby reducing that income, the court's conclusion is contrary to precedent. Pursuant to *Spahr*, the disbursement was income for the purpose of support for the year 2014. His tax liability, on the other hand, should have counted against his 2013 net income, regardless of when Father paid those taxes. Hence, the trial court misapplied the law in relying on the cash-flow method advocated by Father's expert witness and subtracting Father's 2013 tax payments in its calculation of his 2014 net income.

Next, Mother argues that the trial court erred in failing to make the effective date of the support order retroactive to when Father first failed to report a change in his income, which supposedly occurred on January 1, 2013. We note, "parties to a support proceeding are duty bound to report material changes affecting support." *Krebs v. Krebs*, 944 A.2d 768, 774 (Pa.Super. 2008) (citation omitted); *see* 23 Pa.C.S. § 4353(a).[4] The party seeking modification of a support order bears the burden of proving a modification is warranted and that he promptly filed a modification petition. *Krebs*, *supra*, at 774. Generally, the order modifying a support order is retroactive to the date the modification petition was filed. *Id*. However, where a misrepresentation has occurred, "the court may order a modification of arrearages retroactive to the date a party first misrepresented income if

_____

[4] Under 23 Pa.C.S. § 4353,

> An individual who is a party to a support proceeding shall notify the domestic relations section, the department and the other parties in writing or by personal appearance within seven days of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to:
>
> (1) change of employment; and
>
> (2) change of personal address or change of address of any child receiving support.

23 Pa.C.S. § 4343(a).

the other party promptly filed a modification petition upon discovery of the misrepresentation." *Id*. at 774-775; *see* 23 Pa.C.S. § 4352(e).[5]

Mother alleges the increase in Father's income triggered his duty to report the change and that he failed to do so. Hence, she asserts the court erred in failing to make the modified support order retroactive to January 2013, when Father purportedly became duty-bound to notify the domestic relations office of his increased income.

In denying retroactive application, the trial court determined that the evidence proffered by Mother was insufficient to establish that the alleged increase in Father's income triggered his duty to report the change. The court observed that the prior 2008 support order did not reference the parties' income, but rather, only cited to *Melzer v. Witsberger*, 480 A.2d

---

[5] Section 4352 reads, in pertinent part,

> (e) Retroactive modification of arrears.—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.

23 Pa.C.S. § 4352(e).

991 (Pa. 1984), for the proposition that "the parties' combined income exceeds $20,000.00 net per month." Opinion, 9/2/15, at unnumbered 11. As such, the court had no basis in the record for determining when Father realized a material change in his income. Alternatively, the court concluded that Mother had failed to introduce evidence that Father had misrepresented his income or that she was unaware that Father had completed a business deal that would generate additional income. Upon review of the record, we find that the trial court did not abuse its discretion in declining to apply the support order retroactive to January 2013.

As noted *supra*, Mother filed a petition for modification on February 11, 2015. During the subsequent hearing, Father stated that he had purchased his partner's interest in Diversified Traffic Products in March 2012. Father did not testify that the acquisition produced an immediate return that increased his income. Likewise, while Mother insinuated that Father realized an immediate increase in his income, she neglected to introduce any evidence in support of that proposition. Indeed, Mother failed to adduce **any** evidence in regards to Father's alleged increased earnings after he became the sole proprietor of Diversified Traffic Products, when she became aware of that increase, or whether Father had concealed the increase from her. Moreover, the certified record did not establish a material increase on its face. As Mother did not carry her burden of proving that retroactive application was warranted, the trial court did not abuse its discretion. ***See***

***Sirio v. Sirio***, 951 A.2d 1188, 1200 (Pa.Super. 2008) (affirming denial of retroactivity where party knew of potential for increase in income in 2002 and failed to file a petition for modification until 2005).

We now address the sole issue Father raised in his cross-appeal, "Did the trial court err by failing to allow any income of the business enterprise owned by [Father] to be retained by the business for future investment?" Father's brief at unnumbered 1. Father asserts that the court's determination of his income for the purpose of child support should allow him to retain some percentage of his earnings to support the growth of his business. However, Father did not develop this argument and failed to cite to any authority in support of this contention. Hence, it is waived. ***R.L.P. v. R.F.M.***, 110 A.3d 201, 208-209 (Pa.Super. 2015) (finding issue waived where party failed to cite any legal authority in support of claim); ***see*** Pa.R.A.P. 2119(a). Indeed, Father concedes that the law is contrary to his position. Father's brief at unnumbered 13.

Having determined that the trial court abused its discretion in calculating Father's 2014 net income, we remand this matter for the trial court to calculate that income consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2017