**Ann Avellino BULGARELLI, Appellee**

**v.**

**Robert BULGARELLI, Appellant.**

Superior Court of Pennsylvania.

Argued July 25, 2007.

Filed Sept. 27, 2007.

Maureen C. Repetto, Media, for appellant.

Colleen M. Neary, Media, for appellee.

BEFORE: LALLY–GREEN, KLEIN and BENDER, JJ.

OPINION BY BENDER, J.:

¶ 1 Robert Bulgarelli (Father) appeals from the order dated December 29, 2006,

and docketed January 8, 2007, requiring Father to pay to Ann Avellino Bulgarelli (Mother) the sum of $5,084.85 per month for support of the parties' three children. Based upon the testimony and evidence presented at a hearing held on October 2, 2006,[1] the trial court set forth the following background information:

> The Parties were married in 1989 and divorced in 2001. They have three children now ages fifteen, fourteen, and nine. Their Property Settlement Agreement of November 15, 2001 incorporated an amount of child support payable by the Defendant/Father in the amount of $3,055.00 per month. That amount had been determined in accordance with the Pennsylvania Support Guidelines, and was based upon calendar year 2000 during which the Plaintiff/Mother had no earned income and the Father had income of $213,800.00. The amount of support was later increased to $3,499.00 per month. The Parties maintain 50/50 shared custody.

Trial Court Opinion (T.C.O.), 4/4/07, at 1. Then, recognizing that the parties' combined income exceeded the amounts listed in the current guidelines, i.e., $20,000 per month, the trial court made the point that support was determined in accordance with *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). The trial court next set forth the following description of the evidence regarding income and expenses provided by the parties:

> The hearing in this matter was roughly one hour in length. Each party testified and was cross-examined by opposing counsel. Evidence of income was rather straightforward, and this Court determined that Mother (based on calen-

---

1. The October 2, 2006 hearing was held to resolve issues raised in: (1) Mother's petition seeking an increase in child support, (2) Father's petition seeking a reduction in child support, and (3) Mother's contempt petition regarding discovery matters.

dar year 2006) earns $[2],823.77 per month and Father (based on calendar year 2005) earns $21,307.00 per month. Though income was not in dispute, each Party took the position that the expenses of the other were exaggerated. Mother submitted into evidence a thorough itemization of her personal living expenses as well as her expenses on behalf of the children. Mother testified to monthly expenses of $9,700.[15], with $2,312.79 of that amount being personal, and $7,387.38 being directly for the children. Mother has not re-married and shares her home only with the Parties' children.

Father shares his residence with his current wife, her two children and the Parties' three children. The expenses Father submitted to the Court were described by him as comprising 57% of his total household expense, presumably therefore excluding all expenses related to his current wife and her children (43%). As such, Father indicated his "net" monthly expense for himself and the Parties' three children totaled $13,512.36. As Father submitted only an estimate of his overall expenses and did not provide actual expenses for him[self] or the children, this Court ascribed (25%) $3,378.09 to his personal expenses and (75%) $10,134.27 for the three children.

Following the hearing and the submission of post-hearing memoranda, this Court undertook a detailed analysis of all testimony and evidence submitted in order to determine the Parties' reasonable, and therefore allowable, expenses. Each and every expense submitted was scrutinized, with certain contested expenses having been given particular attention at the behest of one or both Parties. For example, Mother's housing costs merited a hard look, and were reduced overall after this Court determined that Mother had offered various expenses consistent with ownership, though her status is that of a tenant. Also, Mother's rent (which is payable to Mother's [f]ather who is the owner) has accrued as a significant debt as she has made few, if any, rental payments since 2003. Nonetheless, the Court found credible Mother's testimony that the accrual of rent was bona fide. Whether she pays rent or accrues debt because of her inability to do so, Mother nonetheless provides a good quality suburban residence in which the children spend 50% of their home life. The house's location has enabled the children to stay in the same school district, and this Court allowed a fair and reasonable rental expense ($2,600.00/mo) plus some maintenance costs in calculating support.

Overall, this Court reduced the expenses claimed by Mother over 20%, from $9,700.15 to $7,744.05. Some items, such as real estate taxes, homeowner's (but not renter's) insurance, and legal fees were disallowed in their entirety. Others, such as utilities, dining out, home maintenance and supermarket expenses, were reduced to reflect what the Court believes is a reasonable amount. Father's expenses were largely taken at face value, and were reduced overall by only 10.36%, from $13,512.36 to $12,112.70. Though it was within the Court's reasonable discretion to do so, Father's receipt of a car allowance from his employer in the amount of $700.00 per monthly [sic] was not deemed available income. Likewise, the fact that Father's current wife has earned income of $90,000.00 per year was also given no weight because the expenses of the current wife and her two children were viewed as an offset to any financial benefit her income confers on Father.

T.C.O. at 6–8.

¶ 2 Based on these findings, the court entered the December 29, 2006 order,

which is at issue in this appeal. Namely, in the order, the court listed each party's reasonable expenses that it found allowable for purposes of calculating child support, determining that Mother's expenses totaled $7,744.05, with $5,523.78 attributable to the children and $2,220.27 for her expenses. Likewise, the court found that Father's expenses were $12,112.70, with $8,544.54 attributable to the children and $3,568.16 for his expenses. Next, the court calculated each party's net amount available for support by subtracting their personal expenses from their net monthly income. Mother's net income available for support was calculated at $603.50, and Father's was calculated at $18,738.44. Therefore, the total amount available for support equaled $19,341.94, with Mother's percentage being 3.12% and Father's being 96.88%. The court's December 29, 2006 order provided the following calculation representing the above-noted sums:

| MOTHER'S NET MONTHLY INCOME | |
|---|---|
| BEFORE EXPENSES | $ 2,823.77 |
| LESS PERSONAL EXPENSES | $ (2,220.27) |
| NET AVAIL FOR SUPPORT | $ 603.50 |
| | |
| FATHER'S NET MONTHLY INCOME | |
| BEFORE EXPENSES | $21,307.00 |
| LESS PERSONAL EXPENSES | $ (3,568.16) |
| NET AVAIL FOR SUPPORT | $18,738.44 |
| | |
| PARENTS AVAIL FOR SUPPORT | |
| MOTHER | $ 603.50 |
| FATHER | $18,738.44 |
| TOTAL PARENTS AVAIL | |
| FOR SUPPORT | $19,341.94 |
| | |
| MOTHER'S PERCENTAGE | |
| (603.50/19341.94) | 3.12% |
| | |
| FATHER'S PERCENTAGE | |
| (18738.44/19341.94) | 96.88% |

Order, 12/29/06, at 3.

¶ 3 The court then determined the monthly support payment due from Father as follows:

| MOTHER'S EXPENSE FOR | |
|---|---|
| CHILDREN | $ 5,523.78 |
| FATHER'S PERCENTAGE | X 96.88% |
| FATHER'S GROSS SUPPORT | $ 5,351.44 |
| LESS MOTHER'S SHARE OF | |
| FATHER'S EXPENSE FOR | |
| CHILDREN | |
| (8544.54 × 3 .12%) | $ (266.59) |
| NET SUPPORT PAYABLE BY | |
| FATHER TO MOTHER | $ 5,084.85 |

Order, 12/29/06, at 3. Accordingly, the order set Father's support obligation at $5,084.85.[2]

¶ 4 Father appealed, raising the following issues for our review:

[1.] Whether the Hearing Court abused its discretion in setting a child support obligation that was exorbitant under the circumstances, especially when consideration is given to the fact that it greatly exceeds even the highest amount of child support for three children ($3,018) dictated by the Child Support Guidelines.

[2.] Whether the Hearing Court abused its discretion when it adopted figures for Mother's expenses for rent, home maintenance and school activities that were not supported by the record and were clearly excessive in nature.

[3.] Whether the Hearing Court erred in assigning a monthly income to Father that failed to account for a precipitous drop in his income for the year 2006.

[4.] Whether the Hearing Court erred in failing to consider Father's charitable contributions when calculating his expenses.

Father's brief at 7.

■ ¶ 5 Initially, we note that in support matters we are guided by the following:

2. Additionally, the December 29, 2006 order required Father to maintain medical coverage for the three children and to be responsible to pay 50% of the unreimbursed medical expenses after Mother paid the initial $250.00 per child. The parties were also ordered to continue to equally share the daycare costs as they had in the past.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Arbet v. Arbet*, 863 A.2d 34, 39 (Pa.Super.2004) (quoting *Laws v. Laws*, 758 A.2d 1226, 1228 (Pa.Super.2000)).

█ ¶ 6 Father begins his first argument by quoting Pa.R.C.P. 1910.16–2(e)(2), which provides direction for "High Income Child Support Cases" as follows:

(2) *High Income Child Support Cases.* When the parties' combined net income exceeds $20,000 per month, child support shall be calculated pursuant to *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). The presumptive minimum amount of child support shall be the obligor's percentage share of the highest amount of support which can be derived from the schedule for the appropriate number of children and using the parties' actual combined income to determine the obligor's percentage share of this amount. The court may award an additional amount of child support based on the parties' combined income and the factors set forth in *Melzer*. The *Melzer* analysis in high income child support cases shall be applied to all of the parties' income, not just to the amount of income exceeding $20,000 per month. In a *Melzer* analysis case, the presumptive minimum remains applicable.

Pa.R.C.P. 1910.16–2(e)(2).[3]

¶ 7 Then, based on this rule, Father provided a calculation as to what he believes the presumptive minimum amount of child support should be. We reproduce Father's calculation in chart form:[4]

| | |
|---|---|
| Mother's net monthly income | $ 2,823.77 |
| Father's net monthly income | $21,307.00 |
| Combined net monthly income | $24,130.77 |
| Mother's percentage of total ($2,823.77/$24,130.77=.117) | 11.7% |
| Father's percentage of total ($21,307.00/$24,130.77=.8829) | 88.29% |
| Combined child support obligation for three children [4] | $ 3,018.00 |
| Presumptive minimum amount (88.29% of $3,018) | $ 2,664.59 |

obligation is 81% of $3,018, or $2,445. This is the presumptive minimum amount of child support that he or she must pay for three children. Since this amount is derived from the schedule in Rule 1910.16–3, which is limited to combined household income of $20,000, the court may award an additional amount of support based on the factors set forth in *Melzer*.

3. Pa.R.C.P. 1910.16–2(e)(2) includes the following example:

For example, where the obligor and the oblige have monthly net incomes of $17,000 and $4,000 respectively, the presumptive minimum amount of child support for three children is calculated as follows: using the formula in Rule 1910.16–4, determine the parties' percentage share of income based on their actual combined income—81% and 19% respectively of $21,000. Using the schedule in Rule 1910.16–3, find the highest possible combined child support obligation for three children—$3,018. The obligor's percentage share of the combined

4. This amount is found in the Support Guideline chart at Pa.R.C.P. 1910.16–3, and is the highest basic child support amount listed for the support of three children.

¶ 8 Having arrived at $2,664.59 as the presumptive minimum amount of child support that he must pay for the three children, Father further suggests that the formula provided in Part II of Pa.R.C.P. 1910.16–4, "Substantial or Shared Physical Custody Adjustment," must be applied to the $2,664.59 presumptive minimum amount because the parties share custody of the children on a 50/50 basis. Using the adjustment calculation, Father's adjusted share of the basic monthly support obligation would equal $2,060.99, an amount that he identifies as the presumptive minimum amount of monthly child support.

¶ 9 Although Father recognizes that the court may award additional support based on the *Melzer* analysis, Father contends that the disparity between the court ordered support obligation ($5,084.85) and the highest total for three children set by the guidelines ($3,018.00) is almost double, while the parties' combined monthly net income of $24,130.77 is only a little over $4,000 more than the $20,000 maximum level of combined income covered by the guidelines. Essentially, Father's challenge to what he terms an "exorbitant" amount is that the support order does not consider the parties' equally shared custody arrangement and that, therefore, the court should have employed his suggested calculation, particularly because the *Melzer* formula does not provide for shared custody.

¶ 10 Father cites two cases pre-dating the guidelines to support his position, *Fee v. Fee,* 344 Pa.Super. 276, 496 A.2d 793 (1985), and *Funk v. Funk,* 376 Pa.Super. 76, 545 A.2d 326 (1988), and contends that both cases indicate that the *Melzer* formula should be applied in a flexible manner to shared custody cases to take into consideration duplication of expenses. Specifically, the court in *Funk* explained:

We recognize that the child rearing expenses in a shared custody setting vary from those in the sole custody setting, and consequently, the formula for shared custody support determinations will not be identical to that envisioned in *Melzer, supra.* Obviously, the lower court should consider those variations in child care expenses unique to the shared custody situation when determining child support. *See Bower[v. Hoover],* [370 Pa.Super. 321,] 536 A.2d [426] at 428 [1988]; *Fee,* 496 A.2d at 795, 796 n. 5. However, contrary to the appellee's contention that *Melzer* type formulas are "inapplicable to determine support in shared custody situations" (Appellee Brief at p. 9), we firmly believe that the lower court must make flexible application of a *Melzer* type formula allowing for those anomalies inherent in shared custody arrangements, *e.g.* the duplication of reasonable child care expenses.

*Funk,* 545 A.2d at 329.

¶ 11 To illustrate what he deems were errors by the trial court in this context, Father lists expenses by Mother, such as rent, renter's insurance, home maintenance, utilities, telephone, and automobile expenses, that he contends are only used by the children during half of each month and, therefore, Mother should not receive full credit for these expenses.

¶ 12 In regard to this argument, the trial court stated:

The Pennsylvania Support Guidelines are not relevant to Melzer Formula Cases in the [manner] suggested by Father. Also, though there are circumstances in which 50/50 custody may logically impact the amount of child support payable, this Court did not find any circumstances in this case that would reduce Father's obligations. To the contrary, the presence of true 50/50 custody in this case was viewed as a party-neutral factor, and not one which conferred

a financial benefit to one Party over the other.

T.C.O. at 8.

¶ 13 We respond to Father's first argument by agreeing with Father's assertion that the trial court should have initially performed the calculation to determine what the presumptive minimum amount of child support should be. *See* Pa.R.C.P. 1910.16–2(e)(2). The procedure illustrated in Rule 1910.16–2(e)(2) is the one that Father followed and that we reproduced previously as part of Father's argument. Although neither the court's opinion nor the record in this case reveals that this presumptive minimum calculation was performed, we note that under the circumstances here, this omission is harmless error. Moreover, it is evident that the presumptive minimum is merely an indication that the support order should not fall lower than this amount, except under extraordinary circumstances. Although the presumptive minimum may be a starting point, it is the *Melzer* analysis that is to be used to calculate the child support due in a high income case.

¶ 14 Although we agree with Father's presumptive minimum calculation, *i.e.*, $2,664.59, and the fact that the court failed to perform this calculation, we cannot agree that the court is required to then perform the calculation found in Part II of Pa.R.C.P. 1910.16–4, which provides for the adjustment for shared physical custody in a guidelines case. Moreover, we have found no statutory provision, rule or any case law that directs the application of Part II in a *Melzer* case. Generally, the court in *Melzer* stated that "the amount of time a parent spends with his or her children has no bearing on that parent's obligation of support." *Melzer*, 480 A.2d at 996. *Melzer* also recognized that each parent's total support obligation may be offset by support provided directly to the children. Thus, the time and resources each parent provides to the children are to a great extent already factored into the *Melzer* formula at the outset, when the reasonable expenses of raising the children are compiled based on the needs, custom and financial status of the parties. *Id.* at 995. Moreover, the quoted material from the *Funk* case does not support Father's position either. In short, the *Funk* court definitively indicated that *Melzer* applies to shared custody situations, but suggests flexibility so as not to duplicate child care expenses, *e.g.*, day care expenses, which in the instant case are shared equally.

¶ 15 In discussing this aspect of Father's argument, the trial court explained the basis for its decision as follows:

D. The record reflects that Mother submitted sufficient evidence of her expenses and that this Court carefully scrutinized each and every one. The Order which is the subject of this appeal reflects Mother's actual, reasonable and necessary expenses as required in applying the Melzer Formula.

E. The Court accepted as reasonable almost 90% of Father's "estimated" expenses. Of those declined, certain expenses were duplicative or excessive and were reduced or eliminated as this Court deemed reasonable and necessary.

F. Once again, there is no requirement that the application of the Melzer Formula must produce a result that would be consistent with the Guidelines were they somehow extended to include higher income cases. This court stands behind its analysis and is confident that the amount of support is fair and reasonable under the circumstances, as well as reflective of the proper application of the Melzer Formula. When the Par-

ties[ ] divorced, Father was earning $214,000.00 per year and agreed to pay child support (of $3,055.00/mo) equivalent to 17.13% of his salary at the time. In 2005 Father earned $400,000.00. This Court's Order requires him to pay the equivalent of 15.25% of his salary in child support. Admittedly, this calculation is not directly relevant to the calculation of child support, but as a "yardstick' it does seem to support the notion that Father has been treated fairly with regard to his child support obligations.

T.C.O. at 9.

¶ 16 Father does not appear to challenge the court's actual *Melzer* calculation; rather, he takes issue with the costs accepted by the trial court for Mother's expenses attributable to the children, namely, rent, utilities and transportation costs, which Father contends should be halved because the children live with Mother one-half of each month. Father makes this statement despite his reliance on *Colonna v. Colonna*, 581 Pa. 1, 855 A.2d 648 (2004), a case in which our Supreme Court noted that a parent incurs certain fixed costs that remain the same whether the children are in that parent's custody or not. These costs related to providing a home for one's children include such items as the mortgage or rent, utilities, and insurance. Interestingly, Father fails to mention that if Mother's costs were reduced by half, his costs would also be reduced by half, since the children only spend half their time with him.[5] However, that is not what the law provides.

¶ 17 When there is joint custody, both parents have costs related to providing a home for the children. While challenging Mother's fixed costs in maintaining a home, we note that Father takes those same fixed costs as part of his expenses. In short, when claiming *his* expenses, Father fails to recognize that in seeking to reduce his child support obligation, he has the burden of proving the reasonable needs of the children. Father, however, failed to present specific evidence of their needs separate and apart from his own expenses. *See Chapman–Rolle v. Rolle*, 893 A.2d 770 (Pa.Super.2006). Despite Father's failure to provide such a detailed list of his expenses for the children, as Mother did, the court only reduced his expenses by about 10%, but reduced Mother's claimed expenses by over 20%. In essence, Father has not convinced this Court that the trial court abused its discretion in its application of the *Melzer* formula to calculate the child support payment due to Mother under the circumstances in this case.

¶ 18 Father's second issue to some degree overlaps the last part of his first issue in that he challenges the court's acceptance of Mother's inclusion of a rental payment, home maintenance, and a $300 per month expense for "school and activities" for the children. Specifically, he contends that these expenses are not supported by the record in that Mother is not paying rent at all, that Mother's home maintenance figure was not based on ongoing repairs, and that because the children attend public school there are no school or activity expenses. Father misconstrues the term "evidence to support a finding by the trial court" with the duty of the trial court to weigh the evidence and assess credibility. *McClain v. McClain*, 872 A.2d

---

**5.** Father also overlooks his receipt of a $700 car allowance from his employer, which the court could have considered as income available for support. Nor did the court give any weight to the fact that Father's new wife has a $90,000 per year income. *See Melzer*, 480 A.2d at 998.

856, 863 n. 1 (Pa.Super.2005). The trial court properly performed its duty to weigh the evidence and assess credibility and has not abused its discretion in this regard. Moreover, we find support in the record for the court's findings. Thus, we conclude that Father's second issue is without merit.

■ ¶ 19 In his third issue, Father contends that the court overlooked his testimony that his 2006 income would be much lower than his income for 2005, in that the first of his bi-annual bonuses in 2006 was $50,000.00 less than in the previous year and that his other yearly bonus would probably be $25,000.00 less than in 2005. Father also cited his own testimony in which he indicated that, although he earned between $7,000.00 and $9,000.00 in 2005 for giving lectures, he had so far in 2006 only earned $250.00 and was not sure if he would earn any more by lecturing. We do not disagree with Father's assertion that a court may deviate from a guideline amount or, as in this case in which *Melzer* applies, from the amount so calculated. However, a court may make adjustments to the amount of support due by considering relevant factors, including the best interests of the children. *See* Pa.R.C.P. 1910.16–5(b). However, it appears that the trial court here may not have found Father's evidence of a lower income for 2006 to be anything more than speculative. Father's income tax return for 2005 was concrete proof of his earnings, while the letter Father submitted into evidence from his employer only indicated a lower bonus and the prospect of another lower bonus. The letter did not provide any specific information about Father's salary/income for 2006. Nor does Father cite to any other documentation in the record that would support his testimony about his expected lower income for 2006. Again, we conclude that the trial court did not abuse

its discretion in using 2005 figures to calculate Father's child support obligation. If in fact Father has a substantial decrease in income, he is free to seek a modification.

■ ¶ 20 Father's final issue concerns his charitable contributions that he contends the court overlooked when it calculated his monthly expenses, while including those contributions in Mother's monthly expenses. Although he acknowledges that his written expense statement did not list charitable donations, Father testified that he and his present wife made contributions to various charities totaling $9,000.00 to $10,000.00 per year and that his 2005 tax return reflects contributions of $10,500.00. N.T., 10/2/06, at 67. In light of this evidence and the court's apparent omission, Father requests that we remand this matter so that the trial court can recalculate his expenses to include an additional $437.50 per month ($10,500/12 months= $875/2[Father and wife]=$437.50). We grant Father's request and remand this case so that the trial court can determine whether the $437.50 per month is a reasonable expense attributed to Father and, if so, whether a recalculation of Father's expenses should then be made. Accordingly, we affirm the trial court's order, but direct the trial court to consider the reasonableness of Father's charitable contributions and determine whether Father's child support payment should be adjusted due to this consideration.

¶ 21 Order affirmed, but case remanded to consider Father's charitable contributions and the effect, if any, on the child support payment. Jurisdiction relinquished.

¶ 22 Judge LALLY–GREEN concurs in the result.