J-S32002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: K.B., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.H., MOTHER | : : : : : : | |
| | : | No. 198 EDA 2019 |

Appeal from the Order Entered December 13, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0002515-2018

| | | |
|---|---|---|
| IN THE INTEREST OF: Z.B., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.H., MOTHER | : : : : : : | |
| | : | No. 199 EDA 2019 |

Appeal from the Order Entered December 13, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0002516-2018

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 30, 2019**

J.H. ("Mother") appeals from the orders entered on December 13, 2018

that adjudicated her children, K.B., born in November of 2013, and Z.B., born

in December of 2014, (collectively "the Children"), dependent.[1] After careful review, we affirm the trial court's orders.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On November 13, 2018, the Philadelphia Department of Human Services ("DHS") received a General Protective Services ("GPS") report which alleged that [Mother and Father] used PCP[2] and K2.[3] The GPS report alleged that [Mother and Father] were under the influence of controlled substances while in the presence of the Children and that [Mother and Father] left the Children unattended daily while they purchased controlled substances. Father was convicted for drug related offenses [on] September 10, 2007, January 19, 2010 and December 20, 2010. The GPS report also alleged that Mother had a history of mental illness and that she was institutionalized because she believed that someone was trying to kill her. On November 14, 2018, DHS interviewed Father who admitted to DHS personnel that he used PCP. An Order for Protective Custody was obtained by DHS on December 13, 201[8]. On December 13, 2018, the [trial court] held a hearing to determine if [the Children] should be adjudicated dependent. [Mother and Father] were present at the hearing and represented by counsel. After the hearing, the [trial court] found clear and convincing evidence to adjudicate the Children dependent.

---

[1] The Children's father, C.B. ("Father"), filed appeals from the trial court's orders at Superior Court docket numbers 205 EDA 2019 and 206 EDA 2019. Father's appeals are addressed in a separate memorandum.

[2] Phencyclidine ("PCP") is a schedule II controlled substance. 35 P.S. § 780-104(2)(v)(1); 28 Pa.Code § 25.72(c)(5)(i).

[3] K2 is a synthetic cannabinoid. Synthetic cannabinoids are schedule I controlled substances. 35 P.S. § 780-104(1)(vii).

Trial Court Opinion, 3/22/19, at unnumbered 2-3. Mother timely appealed the trial court's orders on January 12, 2019, in separate notices of appeal. Both the trial court and Mother complied with Pa.R.A.P. 1925.

On appeal, Mother presents the following issue for this Court's consideration:

> A. Whether the trial court abused its discretion when it adjudicated the [C]hildren dependent and committed them to DHS where such determination was not supported by clear and convincing evidence pursuant to 42 Pa.C.S.A. § 6302?

Mother's Brief at 4 (full capitalization omitted).

Our Supreme Court set forth our standard of review for dependency cases as follows:

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010). Regarding the definition of an abuse of discretion, this Court has stated the following:

> An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Bulgarelli v. Bulgarelli*, 934 A.2d 107, 111 (Pa. Super. 2007) (citation and quotation marks omitted).

Additionally, "[t]he burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *In re G.,T.*, 845 A.2d 870, 872 (Pa. Super. 2004). Section 6302 of the Juvenile Act, 42 Pa.C.S. §§ 6301-6375, defines a "dependent child" as a child who:

> (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S. § 6302. "The question of whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available." *G.T.*, 845 A.2d at 872 (citation omitted).

The trial court concluded that the Children were dependent due to Mother's drug use and mental instability. Specifically, the trial court found as follows:

> During the hearing on December 13, 2018, the DHS Representative testified that Father confirmed Mother had received inpatient mental health treatment and that Mother tested positive on her admittance for PCP. (N.T. December 13, 2018 Page 7). DHS also introduced evidence that Mother and Father had tested positive for PCP on November 19, 2018. (N.T. December 13, 2018 Page 7). The trial court accorded great

weight to the testimony of the DHS Representative and the evidence that Mother was mentally unstable and Mother and Father were users of PCP. This evidence provided clear and convincing evidence that Mother and Father lacked the ability to provide safety and adequate parental control for their Children and that separation of the Parents and Children was necessary for the welfare of the Children.

Trial Court Opinion, 3/22/19, at unnumbered 4-5.

At the December 13, 2018 hearing, Mother challenged the aforementioned mental-health commitment and alleged that she had been kidnapped. *Id.* at 9. Mother also averred that she had never used PCP and any report to the contrary was a lie. *Id.* at 10. However, the record reflects that Mother was involuntarily committed for a psychiatric evaluation pursuant to 50 P.S. § 7302, and she tested positive for PCP. N.T., 12/13/18, at 7. Moreover, the record reveals that Mother requires assistance caring for the Children as both of the Children have special needs. Applications for Emergency Protective Custody, 11/6/18.[4]

The record contains clear and convincing evidence that the Children lacked proper parental care and control, and Mother was unable to provide such care. After review, we discern no abuse of discretion in the trial court's conclusion that Mother's mental health issues and use of PCP placed the health, safety, and welfare of the Children at risk pursuant to 42 Pa.C.S.

---

[4] The November 6, 2018 Applications for Emergency Protective Custody were filed concerning both Mother and Father and in regard to each of the Children.

§ 6302. Accordingly, we affirm the orders adjudicating the Children dependent.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/19