J-S03045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.K., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1554 WDA 2019 |

Appeal from the Order Entered September 18, 2019
In the Court of Common Pleas of Bedford County Orphans' Court at
No(s):  DP - 39 for the year 2019

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 20, 2020**

S.K. (Mother) appeals from the order of the Bedford County Orphans

Court (trial court) adjudicating dependent[1] her minor son, C.H. (Child), for

leaving him unsupervised with a registered sex offender.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 6302 of the Juvenile Code defines a "dependent child," in relevant part, as one who:

> (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals.  A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled

On August 23, 2019, Bedford County Children and Youth Services (CYS) received a report that Mother had left Child, who was born in December 2009 and nine years old at the time, unsupervised with her boyfriend who is a lifetime registered sex offender. Upon confirming that Child was left alone with him on several occasions, CYS applied for an emergency protective order, alleging that Child was "dependent" under the Juvenile Act because he was "without proper care or control." The trial court agreed and, after holding a shelter care hearing the next day, placed Child in protective custody with his maternal grandparents pending a dependency hearing.

At the September 12, 2019 hearing, CYS admitted documents from the Somerset County Clerk of Courts showing that in 1992, Mother's boyfriend was sentenced to serve an aggregate 12 to 24 years' imprisonment after pleading guilty to Involuntary Deviate Sexual Intercourse (IDSI) and Indecent Assault with a female minor who was ten or eleven years of age at the time of the offense. Mother's boyfriend also pleaded guilty to Statutory Rape in a separate case.[2]

---

substance that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S. § 6302.

[2] CYS did not introduce evidence about when the boyfriend was paroled or whether he served the statutory maximum.

- 2 -

A CYS caseworker testified that she spoke with both Mother and her boyfriend before the hearing. Mother admitted that she left Child alone with her boyfriend and knew he was a registered sex offender but did not believe that he committed the underlying sexual offenses. Mother's boyfriend told the caseworker the same thing, but when asked whether he completed sexual offender treatment, he stated that he did not because he was "kicked out" of the program.

Mother contended that CYS removed Child because they believed her boyfriend was a Tier III sexual offender under the Sexual Offenders Registration and Notification Act (SORNA). However, she argued, leaving Child alone with her boyfriend could not be considered "child abuse" as defined in the Child Protective Services Law as, among other things, "[l]eaving a child unsupervised with an individual, other than the child's parent, who the actor knows or reasonably should have known … "(A) Is required to register as a Tier II or Tier III sexual offender under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders), where the victim of the sexual offense was under 18 years of age when the crime was committed." 23 Pa.C.S. § 6303(b.1)(8)(vii)(A). Because of this definition, as well as the absence of any specific abuse allegation, Mother argued that CYS could not rely on the boyfriend's sexual offender status alone in finding Child dependent.

While acknowledging that the boyfriend was not classified as a Tier III sexual offender under SORNA, the trial court found that the undisputed

evidence was that Mother left Child alone with a man who had been convicted of multiple felony sexual offenses involving a minor and had never completed sexual offender treatment. Based on this, the trial court determined that Child was dependent. Mother timely appealed.[3]

On appeal, Mother reasserts that CYS did not present clear and convincing evidence to adjudicate Child dependent based on him being left unsupervised with Mother's boyfriend. Mother contends that boyfriend falls outside of 23 Pa.C.S. § 6303(b.1)(8)(vii)(A) definition of "child abuse" because he is not required to register as a Tier II or Tier III sexual offender under Subchapter H of SORNA. Absent the conduct falling within this definition of child abuse, Mother argues that CYS needed to demonstrate "actual harm or real risk of harm to the child's interests and welfare." Mother's Brief at 14.

However, Mother overlooks that in the very same subsection that she relies on for her argument, "child abuse" also includes leaving a child unsupervised with someone who "has to **register for life under 42 Pa.C.S.**

---

[3] Our standard of review in dependency cases is abuse of discretion. **See In re R.J.T.**, 9 A.3d 1179, 1190 (Pa. 2010). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." **Bulgarelli v. Bulgarelli**, 934 A.2d 107, 111 (Pa. Super. 2007) (citations omitted).

**§ 9799.55(b) (relating to registration)**." 23 Pa.C.S. § 6303(b.1)(8)(vii)(D) (emphasis added). At the hearing, CYS admitted a Megan's Law public report confirming that as of July 30, 2019, Mother's boyfriend was subject to lifetime registration requirements under SORNA.[4] Neither at the hearing nor on appeal does Mother argue that her boyfriend is not subject to lifetime reporting requirements based on his conviction in 1992 for IDSI with a minor.[5] Leaving a child alone with boyfriend, therefore, constituted "child abuse" within the meaning of "child abuse" under 23 Pa.C.S. § 6303(b.1)(8)(vii)(D).

---

[4] It would appear that Mother's boyfriend is subject to lifetime registration requirements under Subchapter I of SORNA. *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(B) (subjecting individuals to lifetime registration convicted of, among other offenses, ISDI and "who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired[.]").

[5] We also note that Mother leaving Child unsupervised with her boyfriend could meet the definition of "child abuse" for "intentionally, knowingly, or recklessly … [c]reating a likelihood of sexual abuse or exploitation of a child through any recent act or failure to act." 23 Pa.C.S. § 6303(b.1)(6). In requiring the continued registration of sexual offenders, the General Assembly stated "[t]hese sexually violent predators and offenders pose a high risk of engaging in further offenses even after being released from incarceration or commitments, and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.51(a)(2). Because the purpose behind the registration requirements is to protect the public, Mother's leaving of Child with a registered sexual offender, especially one who denies any wrongdoing and has never completed sexual offender treatment, could be considered an act "creating a likelihood of sexual abuse or exploitation."

Besides establishing that Mother's boyfriend was under lifetime sexual offender registration, CYS's investigating caseworker testified that Mother was aware of her boyfriend's past convictions involving minors, but that she did not believe he committed the offenses based on what he had told her. ***See*** Notes of Dependency Hearing, 9/12/19, at 11. Likewise, the caseworker testified that boyfriend denied that he ever committed the offenses and also never completed sexual offender treatment because he was discharged from treatment. ***Id***. at 12. Based on this evidence, the trial court did not abuse its discretion in concluding that Mother's actions could place the health, safety or welfare of Child at risk by allowing him to be unsupervised with an individual convicted of numerous sexual offenses involving a minor and who has never completed sexual offender treatment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2020